**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| **TRAVEL SYNDICATION TECHNOLOGY, LLC**, a Delaware Limited Liability Company, Plaintiff/Counterclaim Defendant, v. **FUZEBOX, LLC,** a Georgia Limited Liability Company, and **DIGITAL COMMERCE, LLC**, a Georgia Limited Liability Company, Defendants/Counterclaim Plaintiffs. | C.A. No. 11-553-GMS  JURY TRIAL DEMANDED |

**[PROPOSED] STIPULATED PROTECTIVE ORDER**

Whereas, each of the parties to the above captioned action (the "Action"), Plaintiff/Counterclaim Defendant Travel Syndication Technology, LLC, ("TST"), and Defendants/Counterclaim Plaintiffs Fuzebox, LLC and Digital Commerce, LLC (collectively "Fuzebox"), collectively the "Parties", may seek discovery of Documents, information or other materials which may contain or relate to confidential, proprietary or trade secret information of another party or of a third party;

Whereas the parties have in good faith conferred and have agreed upon the terms of a Protective Order and for good cause shown; therefore

The parties stipulate, pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, subject to the approval of the Court, to the following Protective Order:

1. Definitions.

   a. "Confidential Information" shall mean and include Discovery Material which

     contains non-public, confidential or proprietary information, whether personal or business-related.

   b. "Document" shall be interpreted broadly to include hard copy or electronically stored information ("ESI") including but not limited to: discovery materials, writings, drawings, graphs, charts, photographs, sound recordings, images, audio-visual materials and other data or data compilations — stored in any medium from which information can be obtained either directly or, if necessary, after translation by the responding party into a reasonably usable form.

   c. "Discovery Material" shall mean and include any Document, thing, deposition testimony, interrogatory answer, response to requests for admissions and/or production, or other information provided in discovery in this Action

  2. All Confidential Information designations shall be made in good faith by the Designating Party and shall be made at the time of disclosure, production, or tender to the party receiving the same ("Receiving Party"), or at such other time as a party may elect.  The inadvertent failure to designate or to timely designate Discovery Material as Confidential Information does not constitute a waiver of such designation, and a party may later designate Discovery Material as Confidential Information and, thereafter, such Discovery Material is subject to the protections of this Protective Order.  In the event the Designating Party inadvertently fails to designate or to timely designate Discovery Material as Confidential Information, there will be no penalty or sanctions for the party disclosing the Confidential Information prior to the designation.

  3. The designation of Discovery Material in the form of Documents, responses to admissions and interrogatories, or other tangible materials (including, without limitation, storage

media for electronic data), other than depositions or other pretrial testimony, as Confidential Information shall be made by the Designating Party in the following manner: Documents and electronic media containing Confidential Information shall be so marked by conspicuously affixing the legend "CONFIDENTIAL" or a similar designation on each page of any Discovery Material containing such information (or in the case of computer media on the media and its label and/or cover) to which the designation applies. To the extent practical, the legend shall be placed near the Bates number, if the Discovery Material bears a Bates number.

4. All Discovery Material designated as Confidential Information that are not reduced to documentary, tangible or physical form or which cannot be conveniently designated in the manner set forth in herein shall be designated by the Producing Party by informing the Receiving Party in writing.

5. If Discovery Material (including physical objects) are made available for initial inspection by counsel for the Receiving Party prior to formal production, such Discovery Material initially shall be considered, as a whole, to contain and to be designated as Confidential Information under this Order.

6. Inadvertent production or other disclosure of Documents subject to work-product immunity, the attorney-client privilege or other legal privilege that protects information from discovery shall not constitute a waiver of the immunity, privilege, or other protection, provided that the Producing Party notifies the Receiving Party in writing when it becomes aware of such inadvertent production. Upon notification, the Receiving Party shall immediately, at the Producing Party's option, return or destroy the inadvertently-produced Document and all copies, and shall delete the Document and all copies from any litigation-support or other database. The Receiving Party shall destroy notes and work product reflecting the contents of such materials.

No further use or disclosures shall be made of the inadvertently-produced Document, and the Receiving Party shall take all reasonable and appropriate steps to retrieve the Document, and all copies, from any person to whom the Receiving Party has provided it.  Any person who receives such inadvertently-produced Document need not wait for notice from the Producing Party before complying with the above, and is expected to comply with the requirements of this paragraph as soon as it is known or should be known that the Document produced is privileged and/or protected.  The parties shall have the benefit of all protections and limitations on waiver afforded by Federal Rule of Civil Procedure 26(b)(5)(B) and Federal Rule of Evidence 502.  Failure to assert privilege in the Litigation as to one Document shall not be deemed to constitute a waiver of the privilege of any other Document allegedly so protected, even involving the same subject matter.  Any inadvertent disclosure of privileged information shall not operate as a waiver in any other federal or state proceeding, and the parties' agreement regarding the effect of inadvertent disclosure of privileged information shall be binding on non-parties.  Nothing herein shall prevent the Receiving Party from challenging in good faith the propriety of the assertion of any privilege or the designation under this Order by filing a motion with the Court.

    7.    Confidential Information shall not include any Discovery Material which:

        a.  Has been or has become lawfully in the possession of the Receiving Party from a source that is not under any obligation of confidentiality to the Disclosing Party; or

        b.  Has been or has become part of the public domain by publication or otherwise and not due to any unauthorized act or omission on the part of the Receiving Party or any third party.

Nothing herein shall impose any restriction on the use or disclosure by a party of its own

Documents or information.

8. Any party, and its employees whose job responsibilities require participation or oversight of this lawsuit, may have access to "Confidential Information," subject to this Protective Order; provided, however, that Confidential Information and the substance or content thereof, including any notes, memoranda or other similar documents relating thereto, shall be used by a Receiving Party solely for the purpose of this action and any appeals therefrom, and shall not be made available, or disclosed, or summarized to any persons, including the Parties, other than as permitted by this Protective Order, and can not be disclosed to other individuals and attorneys outside this Action.

9. Any person in possession of Confidential Information shall exercise reasonably appropriate care with regard to the storage, custody or use of such Confidential Information in order to ensure that the Confidential nature of the same is maintained.

10. If Confidential Information is disclosed to anyone other than as authorized by this Protective Order, the party responsible for such disclosure must bring all pertinent facts relating to such disclosure to the attention of the Designating Party of the Confidential Information and make every reasonable effort to retrieve such Confidential Information and to prevent further disclosure.

11. When Confidential Information is discussed, quoted or referred to during any deposition, the disclosing party shall take reasonable efforts to ensure that only persons permitted by this Protective Order to have access to such Information are present.  The use of any such Confidential Information for the purpose of any hearing or trial which is open to the public is not addressed at this time, but will be the subject of future agreements or orders as the need may arise.

12. During the course of preparing for a deposition or testimony, a fact deponent/witness, who is not a Qualified Person, may be shown Confidential Information from another party's Documents which on their face reveal that they were authored or received in the normal course of business by the deponent/witness.

13. With regard to depositions, whenever possible, the stenographic reporter shall be requested prior to the deposition (where the attorneys have reason to believe the testimony will include Confidential Information) or when the Confidential Information is disclosed (when not previously anticipated) to separate those portions of the transcript containing Confidential Information and separately bind it from the non-confidential portions. Any deposition transcript containing Confidential Information shall be marked on the cover as "CONFIDENTIAL" as appropriate. A party may designate any portion or all (if appropriate) of the transcript as containing Confidential Information by so advising during the deposition, with reasonable precision as to the affected testimony, the deposition reporter, who shall accordingly indicate in the deposition transcript what portion(s) of the testimony (or exhibits thereto) were so designated, or by so advising all other parties in writing, and with page and line designations, within thirty (30) days from the date the court reporter seals the transcript. In the event of disagreement about the confidential status of a deposition transcript, it shall continue to be treated as Confidential Information until this Court rules otherwise.

14. Any Discovery Material designated as Confidential Information, if filed with the Court, shall be filed under seal and shall be made available only to the Court and to persons authorized by the terms of this Protective Order. Unless directed by the Clerk to use a different procedure, the party filing any paper which reflects, contains or includes any material designated as Confidential Information, subject to this Protective Order, shall file such paper directly with

the Clerk in a sealed envelop bearing a statement substantially in the following form:

> **This envelope contains documents subject to a Protective Order of the Court. It should be opened only by the Court. Its contents should not be disclosed, revealed or made public except by Order of the Court or written agreement of the parties.**

15. Entering into, agreeing to and/or producing or receiving Confidential Information pursuant to, or otherwise complying with the terms of, this Protective Order shall not:

   a. Operate as an admission by any party that any Discovery Material designated as Confidential Information contains or reflects trade secrets or any other type of confidential or proprietary information entitled to protection under applicable law;

   b. Prejudice in any way the rights of any party to object to the production of Documents it considers not subject to discovery;

   c. Prejudice in any way the rights of any party to object to the authenticity or admissibility into evidence of any Discovery Material, Document, testimony or the evidence subject to this Protective Order;

   d. Prejudice in any way the rights of any party to seek a determination by the Court whether any Discovery Material or Confidential Information should be subject to the terms of this Protective Order;

   e. Prejudice in any way the rights of any party to petition the Court for a further protective order relating to any Discovery Material, including Confidential Information;

   f. Prejudice in any way the rights of any party to petition the Court for permission to disclose or use particular Confidential Information more broadly than would otherwise be permitted by the terms of this Protective Order; or

      g. Prevent any Designating Party from agreeing to alter or waive the provisions or protection provided for herein with respect to any particular Discovery Material designated as Confidential Information by that party.

16. The signing of this Protective Order or failure of a party, at the time it receives Discovery Material designated as Confidential Information, to challenge or object to the Confidential Information designations shall not be deemed a waiver of its right to challenge or object to the Confidential Information designations at any later time. Any party may at any time challenge the designation of any Discovery Material as Confidential Information, and may request permission to use or disclose Discovery Material with Confidential Information designations other than as permitted, pursuant to this Paragraph by serving a written request upon counsel for the Designating Party at least ten (10) business days before the date of the proposed disclosure and by providing telephonic notice of such request on the same date as the email is transmitted. Such request shall specifically identify the Confidential Information, including Bates number, if any, sought to be disclosed, the name, title and function of the person to whom disclosure is desired to be made, and the reason for the proposed disclosure. The Designating Party shall thereafter respond to the request in writing within five (5) business days after receipt of same. Disclosure can not be made without prior written consent. If, where consent has been withheld, the Parties are subsequently unable to agree on the terms and conditions of disclosure, the matter may be submitted to the Court for resolution by the party seeking disclosure. Disclosure shall be postponed until a ruling has been obtained from the Court.

17. All provisions of this Protective Order shall continue to be binding on the Parties and all persons who have received information under this Protective Order after the conclusion

of this action, including all appeals, until further Order of the Court, unless the Parties agree otherwise in writing. Any and all originals and copies of Discovery Material designated as Confidential Information shall, at the request of the Designating Party, be returned to the Designating Party within sixty (60) days after a final judgment herein or settlement of this action, or, at the option of the Designating Party, destroyed in that time frame, except that outside counsel for each party may maintain in its files one copy of each pleading filed with the Court, each deposition transcript together with the exhibits marked at the deposition, and documents constituting work product which were internally generated based upon or which include Confidential Information. In the event that outside counsel maintains such documents, it shall not disclose material maintaining any type of Confidential Information to another party absent subpoena or court order. Upon receipt of any subpoena for such information, the party receiving the subpoena shall notify outside counsel for the Designating Party of the subpoena so that the latter may protect its interests. In the event that documents are returned to or destroyed at the request of the Producing Party, the other party or its outside counsel shall certify in writing that all such documents have been returned or destroyed; as the case may be.

18. Any violation of the terms of this Protective Order may be subject to sanctions at the Court's discretion, including, interim or final injunctive or other equitable relief, sanctions, contempt of court citation, or such other or additional relief as deemed appropriate by the Court.

19. Until such time as this Protective Order has been entered by the Court, the Parties agree that upon execution by the parties, it will be treated as though it had been "So Ordered."

20. Third parties who produce information in this action may avail themselves of the provisions of this Protective Order and Discovery Material produced by third parties shall be treated by the Parties in conformance with this Protective Order.

DATED: <u>January 27</u>, 2012

| For Plaintiff/Counterclaim Defendant: | For Defendants/Counterclaim Plaintiffs: |
|---|---|
| <u>/s/ Daniel J. Brown</u><br>A. Richard Winchester (DE Id. No. 2641)<br>Daniel J. Brown (DE Id. No. 4688)<br>Jameson A. L. Tweedie (DE Id. No. 4927)<br>McCARTER & ENGLISH, LLP<br>Renaissance Centre<br>405 N. King Street, 8th Floor<br>Wilmington, DE 19801<br>(302) 984-6300<br>awinchester@mccarter.com<br>djbrown@mccarter.com<br>jtweedie@mccarter.com<br><br>*Attorneys for Plaintiff/Counterclaim Defendant Travel Syndication Technology, LLC* | <u>/s/ Eve H. Ormerod</u><br>Michael J. Maimone (DE Id. No. 3592)<br>Joseph B. Cicero (DE Id. No. 4388)<br>Gregory E. Stuhlman (DE Id. No. 4765)<br>Eve H. Ormerod (DE Id. No. 5369)<br>GREENBERG TAURIG, LLP<br>The Nemours Building<br>1007 North Orange Street, Suite 1200<br>Wilmington, DE 19801<br>(302) 661-7000<br>maimonem@gtlaw.com<br>ciceroj@gtlaw.com<br>stuhlmang@gtlaw.com<br>ormerode@gtlaw.com<br><br>*Attorneys for Defendants/Counterclaim Plaintiffs Fuzebox, LLC and Digital Commerce, LLC*<br><br>OF COUNSEL:<br>Richard J. Valladares (Ga. Bar No. 611066)<br> *admitted pro hac vice*<br>Thomas J. Mazziotti (Ga. Bar No. 479893)<br> *admitted pro hac vice*<br>Yoon J. Ettinger (Ga. Bar No. 434547)<br>*admitted pro hac vice*<br>GREENBERG TAURIG, LLP<br>The Forum, Suite 400<br>3290 Northside Parkway<br>Atlanta, Georgia 30327<br>Tel: (678) 553-2100<br><br>David Concannon, Esq.<br>*admitted pro hac vice*<br>200 Eagle Road, Suite 116<br>Wayne, PA 1908<br>Tel: (610) 293-8084<br>david@davidconcannon.com |

**SO ORDERED** this \_\_\_\_ day of _____, 2012.

_____
The Honorable Gregory M. Sleet.
Chief United States District Judge

**IN THE UNITED STATES DISTRICT COURT**
**FOR DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| **TRAVEL SYNDICATION** <br> **TECHNOLOGY, LLC**, <br> a Delaware Limited Liability Company, <br><br> Plaintiff/Counterclaim Defendant, <br><br> v. <br><br> **FUZEBOX, LLC,** <br> a Georgia Limited Liability Company, and <br> **DIGITAL COMMERCE, LLC**, <br> a Georgia Limited Liability Company, <br><br> Defendants/Counterclaim Plaintiffs. | § § § § § § § § § § § § § § § | **C.A. No. 11-553-GMS** <br><br> JURY TRIAL DEMANDED |

**EXHIBIT A**

**UNDERTAKING PURSUANT TO PROTECTIVE ORDER**

     I hereby certify (i) my understanding that Discovery Material including Confidential Information are being provided to me pursuant to the terms and restrictions of the Protective Order (the "Order") entered by the United States District Court for the District of Delaware (the "District Court") in this action, and (ii) that I have read the Order. I covenant that any Confidential Information shall be used by me solely for the purpose of this case and not for any competitive purpose, and I will not disclose such information to any other persons except as permitted by the Order. I understand the terms of the Order, I agree to be fully bound by the Order, and I hereby submit to the jurisdiction of this District Court for purposes of enforcement of the Order. I understand that violation of the Order may be punishable by contempt of Court.

Dated:_____   Signature: _____

                                                                                                                Name: _____

                                                                                                                 Address: _____

                                                                                                                             _____

                                                                                                                             _____